IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KIMBERLY DAVIS, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff | ) | No.  2:16-cv-00428-MSG |
| v. | ) | |
| | ) | |
| PROGRESSIVE INSURANCE | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW, comes the Defendant, Progressive Preferred Insurance Company, incorrectly identified as "Progressive Insurance Company" (hereinafter referred to as "Progressive"), by and through its attorneys, Burns White LLC, and hereby files this Answer and Affirmative Defenses to Plaintiff's Amended Complaint and in support thereof avers as follows:

## COUNT I

1.      After reasonable investigation, the allegations set forth in Paragraph 1 of Plaintiff's Complaint are admitted upon information and belief.

2.      The allegations set forth in Paragraph 2 of Plaintiff's Complaint are denied.  It is specifically denied that "Progressive Insurance Company" is a legal or corporate entity.  By way of further answer, Progressive Preferred Insurance Company issued an insurance policy which was in effect on the date of the accident complained of in Plaintiff's Complaint.  Progressive Preferred Insurance Company is an Ohio corporation with its principal place of business in Ohio with an address of 6300 Wilson Mills Road, Mayfield Village, Ohio 44143.

3.      The allegations set forth in Paragraph 3 of Plaintiff's Complaint are denied.  It is specifically denied that "Progressive Insurance Company" is a legal or corporate entity.  By way of further answer, Progressive Preferred Insurance Company issued an insurance policy which

was in effect on the date of the accident complained of in Plaintiff's Complaint.  Progressive Preferred Insurance Company is licensed to provide motor vehicle liability insurance in Pennsylvania.

4.     The allegations set forth in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 4 of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted upon information and belief that upon information and belief that on October 28, 2012 Plaintiff Kimberly Davis was the owner and operator of a 2004 Chevrolet Impala motor vehicle at a light at the 5800 block of Angora Terrace in Philadelphia, Pennsylvania.  It is admitted that the 2004 Chevrolet Impala was insured under an automobile policy which was issued by Progressive Preferred Insurance Company, No. 275254634 (the "Policy"), subject to all of the terms and conditions of the Policy.  It is admitted upon information and belief that an accident occurred.  It is admitted upon information and belief that Shafir Mondal and Aninul Mondal caused the accident.  It is admitted that Shafir Mondal and Aninul Mondal had automobile liability insurance which was issued by a subsidiary of The Progressive Corporation. It is denied that Shafir Mondal and Aninul Mondal have been named as defendants.  After reasonable investigation, Progressive lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint; therefore, the same are denied.

5.     The allegations set forth in Paragraph 5 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 5 of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted upon information and belief that Shafir Mondal and Aninul Mondal had

$25,000 in liability insurance coverage.  It is admitted that Plaintiff settled her claims against Shafir Mondal and Aninul Mondal for $25,000.  After reasonable investigation, Progressive lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5 of Plaintiff's Complaint; therefore, the same are denied.

6.      The allegations set forth in Paragraph 6 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, after reasonable investigation, Progressive lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint; therefore, the same are denied.

7.      Admitted in part and denied in part.  It is admitted that the Policy provides underinsured motorist coverage for the October 28, 2012 accident, subject to all of the terms and conditions of the Policy.  Plaintiff's abbreviated characterizations of the Policy are denied as stated.  By way of further answer, the Policy is a written document which speaks for itself.

8.      Admitted in part and denied in part.  It is admitted that the Policy provides underinsured motorist coverage, subject to all of the terms and conditions of the Policy.  Plaintiff's abbreviated characterizations of the Policy are denied as stated.  By way of further answer, the Policy is a written document which speaks for itself.

9.      Admitted in part and denied in part.  It is admitted that the Policy provides underinsured motorist coverage, subject to all of the terms and conditions of the Policy.  It is admitted that Plaintiff asserted a claim for benefits.  The remaining allegations set forth in Paragraph 9 of Plaintiff's Complaint are denied.

10.     The allegations set forth in Paragraph 10 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 10 of Plaintiff's Complaint are denied.

11.     The allegations set forth in Paragraph 11 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 11 of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted that Plaintiff is insured under the Policy for the October 28, 2012 accident, subject to all of the terms and conditions of the Policy.  Plaintiff's abbreviated characterizations of the Policy are denied as stated.  By way of further answer, the Policy is a written document which speaks for itself.

12.     The allegations set forth in Paragraph 12 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 12 of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted that Plaintiff is insured under the Policy for the October 28, 2012 accident, subject to all of the terms and conditions of the Policy.  Plaintiff's abbreviated characterizations of the Policy are denied as stated.  By way of further answer, the Policy is a written document which speaks for itself.

13.     The allegations set forth in Paragraph 13 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 13 of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted that Plaintiff is insured under the Policy for the October 28, 2012 accident, subject to all of the terms and conditions of the Policy.  It is admitted that Plaintiff's paid their

insurance premiums.  Plaintiff's abbreviated characterizations of the Policy are denied as stated. By way of further answer, the Policy is a written document which speaks for itself.

14.     The allegations set forth in Paragraph 14 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 14 of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted that Plaintiff is insured under the Policy for the October 28, 2012 accident, subject to all of the terms and conditions of the Policy. Plaintiff's abbreviated characterizations of the Policy are denied as stated.  By way of further answer, the Policy is a written document which speaks for itself.

15.     Admitted in part and denied in part.  It is admitted that Plaintiff asserted a claim for underinsured motorist benefits.  The remaining allegations set forth in Paragraph 15 of Plaintiff's Complaint are denied.

16.     It is admitted that Shafir Mondal and Aninul Mondal had automobile liability insurance which was issued by a subsidiary of The Progressive Corporation.

17.     The allegations set forth in Paragraph 17 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 17 of Plaintiff's Complaint are admitted in part and denied in part.  It is admitted that Progressive acted through certain of its representatives.  The remaining allegations set forth in Paragraph 17 of Plaintiff's Complaint are denied.  It is specifically denied that Plaintiff acted through any unknown or unidentified agents, representatives, servants, claim representatives and/or employees.

18.     The allegations set forth in Paragraph 18 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 18 of Plaintiff's Complaint are denied.

19.     The allegations set forth in Paragraph 19 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 19 of Plaintiff's Complaint are denied.

20.     The allegations set forth in Paragraph 20 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 20 of Plaintiff's Complaint are denied.

21.     The allegations set forth in Paragraph 21 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 21 of Plaintiff's Complaint are denied.

22.     The allegations set forth in Paragraph 22 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 22 of Plaintiff's Complaint are denied.

23.     The allegations set forth in Paragraph 23 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 23 of Plaintiff's Complaint are denied.

24.     The allegations set forth in Paragraph 24 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 24 of Plaintiff's Complaint are denied.

25.     The allegations set forth in Paragraph 25 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 25 of Plaintiff's Complaint are denied.

26.     The allegations set forth in Paragraph 26 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 26 of Plaintiff's Complaint are denied.

27.     The allegations set forth in Paragraph 27 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 27 of Plaintiff's Complaint are denied.

**WHEREFORE**, Defendant, Progressive Preferred Insurance Company, incorrectly identified as "Progressive Insurance Company," requests that this Court enter judgment in its favor and against Plaintiff.

<u>COUNT II</u>

<u>BAD FAITH</u>

28.     Paragraphs 1 through 27 of Progressive's Answer to Plaintiff's Complaint are incorporated herein by reference thereto, as if the same were fully set forth herein at length.

29.     The allegations set forth in Paragraph 29 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 29 of Plaintiff's Complaint are denied.

30.     The allegations set forth in Paragraph 30 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 30 of Plaintiff's Complaint are denied.

31.     The allegations set forth in Paragraph 31 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 31 of Plaintiff's Complaint are denied.

32.     The allegations set forth in Paragraph 32 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 32 of Plaintiff's Complaint are denied.

33.     The allegations set forth in Paragraph 33 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, it is denied that Progressive owes a fiduciary duty to Plaintiff.

34.     The allegations set forth in Paragraph 34 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 34 of Plaintiff's Complaint are denied.

35.     The allegations set forth in Paragraph 35 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 35 of Plaintiff's Complaint are denied.

36.     The allegations set forth in Paragraph 36 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 36 of Plaintiff's Complaint are denied.

37.     The allegations set forth in Paragraph 37 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 37 of Plaintiff's Complaint are denied.

38.     The allegations set forth in Paragraph 38(a)-(k) of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 38(a)-(k) of Plaintiff's Complaint are denied.

39.     The allegations set forth in Paragraph 39 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 39 of Plaintiff's Complaint are denied.

40.     The allegations set forth in Paragraph 40 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 40 of Plaintiff's Complaint are denied.

41.     The allegations set forth in Paragraph 41 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 41 of Plaintiff's Complaint are denied.

42.     The allegations set forth in Paragraph 42 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 42 of Plaintiff's Complaint are denied.

43.     The allegations set forth in Paragraph 43 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 43 of Plaintiff's Complaint are denied.

44.     The allegations set forth in Paragraph 44 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 44 of Plaintiff's Complaint are denied.

45.     The allegations set forth in Paragraph 45 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 45 of Plaintiff's Complaint are denied.

46.     The allegations set forth in Paragraph 46 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 47 of Plaintiff's Complaint are denied.

47.     The allegations set forth in Paragraph 47 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 47 of Plaintiff's Complaint are denied.

48.     The allegations set forth in Paragraph 48 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 48 of Plaintiff's Complaint are denied.

49.     The allegations set forth in Paragraph 49 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 49 of Plaintiff's Complaint are denied.

50.     The allegations set forth in Paragraph 50 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 50 of Plaintiff's Complaint are denied.

51.     The allegations set forth in Paragraph 51 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 51 of Plaintiff's Complaint are denied.

52.     The allegations set forth in Paragraph 52 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 52 of Plaintiff's Complaint are denied.

**WHEREFORE**, Defendant, Progressive Preferred Insurance Company, incorrectly identified as "Progressive Insurance Company," requests that this Court enter judgment in its favor and against Plaintiff.

## COUNT III

## UTPCPL

53.     Paragraphs 1 through 52 of Progressive's Answer to Plaintiff's Amended Complaint are incorporated herein by reference thereto, as if the same were fully set forth herein at length.

54.     The allegations set forth in Paragraph 54 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 54 of Plaintiff's Complaint are denied.

55.     The allegations set forth in Paragraph 55 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 55 of Plaintiff's Complaint are denied.

56.     The allegations set forth in Paragraph 56 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 56 of Plaintiff's Complaint are denied.

57.     The allegations set forth in Paragraph 57 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 57 of Plaintiff's Complaint are denied.

58.    The allegations set forth in Paragraph 58 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 58 of Plaintiff's Complaint are denied.

59.    The allegations set forth in Paragraph 59 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 59 of Plaintiff's Complaint are denied.

60.    The allegations set forth in Paragraph 60 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 60 of Plaintiff's Complaint are denied.

61.    The allegations set forth in Paragraph 61 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 61 of Plaintiff's Complaint are denied.

62.    The allegations set forth in Paragraph 62 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 62 of Plaintiff's Complaint are denied.

63.    The allegations set forth in Paragraph 63 of Plaintiff's Amended Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 63 of Plaintiff's Complaint are denied.

64.    The allegations set forth in Paragraph 64 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 64 of Plaintiff's Complaint are denied.

65.     The allegations set forth in Paragraph 65 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 65 of Plaintiff's Complaint are denied.

66.     The allegations set forth in Paragraph 66 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 66 of Plaintiff's Complaint are denied.

67.     The allegations set forth in Paragraph 67 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 67 of Plaintiff's Complaint are denied.

68.     The allegations set forth in Paragraph 68 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 68 of Plaintiff's Complaint are denied.

69.     The allegations set forth in Paragraph 69 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 69 of Plaintiff's Complaint are denied.

70.     The allegations set forth in Paragraph 70 of Plaintiff's Complaint constitute conclusions of law to which no response is required.  To the extent a response may be required, the allegations set forth in Paragraph 70 of Plaintiff's Complaint are denied.

**WHEREFORE**, Defendant, Progressive Preferred Insurance Company, incorrectly identified as "Progressive Insurance Company," requests that this Court enter judgment in its favor and against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a legally sufficient claim against Progressive.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's alleged damages may not be damages for which Progressive is legally liable.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff's Complaint asserts or alleged that Plaintiff is entitled to recover punitive damages from Progressive, then Progressive asserts the following defenses:

    a. The claim for punitive damages violates, and is therefore barred by, the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America on grounds including, but not limited to, the following:

        i. it is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the satisfaction of a burden of proof which is less than the beyond a reasonable doubt burden of proof required in criminal cases;

        ii. the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which judgments infringe the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

        iii. the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award which, thereby, violates the due process clause of the Fourteenth Amendment of the United States Constitution;

iv.     the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages which, thereby, violates the due process clause of the Fourteenth Amendment of the United States Constitution;

v.      the procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

vi.     the procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine or administrative penalty for the same or similar conduct, which, thereby, infringes the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution;

vii.    the procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution;

viii.   the award of punitive damages in this action would constitute a deprivation of property without due process of law; and

ix.     the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

x.      The claim for punitive damages violates and is therefore barred by the provisions of the Constitution of the Commonwealth of Pennsylvania, including but not limited to, Article 1, Sections 1, 6, 8, 9, 11, and 13, on grounds including the following:

xi.     it is a violation of the due process and equal protection clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the satisfaction of a burden of proof which is

less than the beyond a reasonable doubt burden of proof required in criminal cases;

xii.    the procedures, pursuant to which punitive damages are awarded, may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

xiii.   the procedures, pursuant to which punitive damages are awarded, fail to provide a reasonable or substantive limit on the amount of the award against the defendant;

xiv.    the procedures, pursuant to which punitive damages are awarded, fail to provide specific standards for the amount of the award of punitive damages;

xv.     the procedures, pursuant to which punitive damages are awarded, result in the imposition of different penalties for the same or similar acts;

xvi.    the procedures, pursuant to which punitive damages are awarded, permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

xvii.   the procedures, pursuant to which punitive damages are awarded, permit the imposition of excessive fines;

xviii.  the award of punitive damages in this action would constitute a deprivation of property without due process of law; and the procedures, pursuant to which punitive damages are awarded, permit the imposition of an excessive fine and penalty.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

Progressive did not engage in any intentional wrongdoing, any departure from any prescribed or known standard of action, nor in any willful, wanton, malicious, reckless or egregious conduct; consequently, a sufficient factual basis does not exist to support a claim for punitive damages against Progressive.

## FIFTH AFFIRMATIVE DEFENSE

No provision of Pennsylvania law provides adequate procedural safeguards consistent with the criteria of <u>TXO Production Corp. v. Alliance Resources Corp.</u>, 113 S.Ct. 2711 (1993), <u>Pacific Mutual Life Ins. Co. v. Haslip, et al.</u>, (U.S.), 111 S.Ct. 1032 (1991) and their progeny, for the imposition of a punitive damage award.

## SIXTH AFFIRMATIVE DEFENSE

Any award of punitive damages, on its face or as applied, is barred to the extent that it is inconsistent with the standards and limitations set forth in <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 134 L.Ed.2d 809 (1996), and <u>State Farm Mutual Automobile Ins. Co. v. Campbell</u>, 538 U.S. 408, 123 S.Ct. 1513 (2003).

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Pennsylvania law is subject to no pre-determined limit, such as maximum multiple of compensatory damages or a maximum amount of punitive damages that may be imposed, and, as such, would violate due process rights as guaranteed by the Fifth and Fourteenth Amendments to the U.S. Constitution and would violate the right not to be subjected to an excessive award in violation of the Eighth Amendment to the U.S. Constitution and the Pennsylvania Constitution and would be improper under the common law and public policy of Pennsylvania.

## EIGHTH AFFIRMATIVE DEFENSE

Progressive is entitled to *de novo* review of any punitive damage award that may be imposed.

## NINTH AFFIRMATIVE DEFENSE

Progressive states that it has acted in good faith and that it has taken no action which would allow the Plaintiff to recover punitive damages and further states that there exists no basis for any allegations of bad faith, actual malice or unfair insurance practices, nor is there any basis for the allegations for punitive damages against Progressive.

## TENTH AFFIRMATIVE DEFENSE

Progressive denies having taken any action in violation of the statutes, regulations, or other laws of the Commonwealth of Pennsylvania, assuming their applicability to Progressive.

## ELEVENTH AFFIRMATIVE DEFENSE

The claim against Progressive for punitive damages should be dismissed on the grounds that punitive damages are not recoverable under a breach of contract action absent evidence of an independent, willful tort.

## TWELFTH AFFIRMATIVE DEFENSE

At all material times, Progressive acted in a reasonable, careful, prudent and lawful manner.

## THIRTEENTH AFFIRMATIVE DEFENSE

Damages for bad faith under 42 Pa. C.S.A. §8371 cannot be imposed for simple negligence or breach of contract on the part of Progressive.

## FOURTEENTH AFFIRMATIVE DEFENSE

Progressive did not engage in any frivolous or unfounded refusal to pay proceeds of its policy or to provide any benefits pursuant to its policy.

## FIFTEENTH AFFIRMATIVE DEFENSE

Progressive cannot be subject to a claim of bad faith if its interpretation of Pennsylvania law was reasonable but mistaken.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Pennsylvania bad faith statute, 42 Pa. C.S.A. §8371, is unconstitutionally void for vagueness because it fails to define the term bad faith and it fails to set forth any standards of conduct which amounts to bad faith and it fails to set forth any standards governing the award of punitive damages.   As such, application of 42 Pa. C.S.A. §8371 would be a denial of due process.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by accord and satisfaction.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrines of waiver and/or estoppel.

## NINETEENTH AFFIRMATIVE DEFENSE

Progressive incorporates by reference all terms, conditions, provisions and endorsements of the policy of insurance as if set forth at length herein.

## TWENTIETH AFFIRMATIVE DEFENSE

Progressive performed all of its duties and obligations existing under the policy of insurance.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint is or may be barred or otherwise limited by the Pennsylvania Motor Vehicle Financial Responsibility Law (PMVFRL), 75 Pa.C.S.A. §1701, et seq., as amended, and the Pennsylvania Insurance Statutes, 40 P.S. §1, et seq.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Pursuant to the PMVFRL, Plaintiff is precluded from pleading, introducing into evidence, proving or recovering the amount of benefits paid or payable under said Act up to and including

the limit of required benefits under said Act.   Progressive hereby asserts all the defenses, limitations, and immunities available to it under said Act.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

To the extent that Plaintiff alleges bad faith or breach of contract based on alleged delay or miscommunication, Plaintiff, acting by and through attorneys and authorized agents, caused or contributed to the alleged delay or miscommunication.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims may be barred by the doctrine of setoff.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff may be precluded from recovering damages for non-economic loss by the Pennsylvania Motor Vehicle Financial Responsibility Law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant is entitled to a reduction and/or molding of any verdict to account for any credit of underinsured motorist, disability, or any other benefits at any time received by Plaintiff in compensation for the injuries and damages alleged.   The credit and reduction shall be for the full and total amount of those benefits and/or award received by Plaintiff or any medical provider on Plaintiff's behalf.

Respectfully submitted,

BURNS WHITE  LLC

By:  /s/Daniel J. Twilla
     Robert E. Dapper, Jr.
     PA I.D. #46378
     redapper@burnswhite.com
     Daniel J. Twilla
     PA I.D. #93797
     djtwilla@burnswhite.com
      (412) 995-3300
     4 Northshore Center
     106 Isabella Street
     Pittsburgh, PA 15212

     *Attorneys for Defendant,*
     *Progressive Preferred Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned does hereby certify that on the 4th day of February, 2016, a copy of the within **ANSWER AND AFFIRMATIVE DEFENSES** was filed electronically and may be accessed through the Court's electronic filing system.


*/s/Daniel J. Twilla*
Daniel J. Twilla